UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARCOS A. RIOS LOPEZ,<br><br>    Petitioner,<br><br>vs.<br><br>RANDY BLADES,<br><br>    Respondent. | Case No. 1:17-cv-00509-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court in Marcos A. Rios-Lopez's federal habeas corpus matter are several motions filed by the parties. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 21.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

  Having reviewed the motions, responses, and the record in this case, the Court enters the following Order.

### PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

  Petitioner filed a Motion for Appointment of Counsel, asserting that his English skills are very poor and that he has no legal training to properly pursue his case. (Dkt. 11).

**MEMORANDUM DECISION AND ORDER - 1**

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

After reviewing the entire record, the Court concludes that appointing counsel would not be helpful to the decisionmaking in this case. The issue of timeliness is straightforward. Petitioner can respond with factual showings regarding equitable tolling and actual innocence, neither of which is legally complex.

### RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

On November 13, 2018, Respondent filed a Motion for Summary Dismissal, seeking dismissal of all of Petitioner's claims. Petitioner's response was due 30 days later, but, to date, Petitioner has not filed a response, nor has he filed a motion for extension of time. He did, however, file a consent-to-magistrate judge form, and so it is clear that he has not abandoned his case. (Dkt 21.) Because perhaps Petitioner is waiting until his request for appointment of counsel is ruled upon before he attempts to draft his own response, the Court will permit additional time for a response, which shall be in the

form of a response to this Order to show that the conditional ruling below should not be made final.

1. **Standards of Law**

   *A. Habeas Corpus Review*

   Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases. When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

   *B. Statute of Limitations*

   The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). Which trigger is applicable depends on the nature and timing of the petitioner's claims. The first trigger, § 2244(d)(1) provides a means of calculating the limitations start date for the "application" as a whole, § 2244(d)(1)(A) (date of final judgment). The remaining three triggers require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new

right made retroactive); § 2244(d)(1)(D) (new factual predicate). *See Mardesich v. Cate*, 668 F.3d 1164 (9th Cir. 2012), relying in part on dicta in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005)).

In all instances, *one year* means 366 days, for example*,* from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common trigger is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

| **Action Taken** | **Finality Occurs** |
| --- | --- |
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is | Date of decision |

| granted, and the United States Supreme Court issues a decision | |

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[1]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

---

[1] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### C. Equitable Tolling

If a petition is deemed untimely, a federal court can hear the claims if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. 408, 418 (2005). In addition, there must be a causal link between the lateness and the extraordinary circumstances. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (holding that a petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence). The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

Ignorance of the law without more, is not grounds for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")).

### D. Actual Innocence

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations, and that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). "'Actual innocence means factual innocence, and not mere legal insufficiency.'" *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

To make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Perkins*, 133 S.Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329). This exception is to be applied only in the "extraordinary" or "extremely rare" case. *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup*, 513 U.S. at 320-21.

### 2. Background

Petitioner was convicted of three cocaine trafficking crimes and three associated tax stamp crimes. In October 2001, the district court sentenced him to fourteen years with seven years determinate on each of the trafficking counts, and two years with one year determinate on each of the tax stamp counts. The district court ordered the sentences to be served consecutively, for an aggregate unified sentence of 48 years, with 24 years determinate. At the time of judgment, the district court gave Rios-Lopez a total of 253 days of credit for time served. (*See* State's Lodgings A-1 through A-7.)

Petitioner filed a direct appeal, raising claims of erroneously-admitted evidence, prosecutorial misconduct, and excessive sentences. The Idaho Court of Appeals affirmed the convictions and sentences on August 12, 2003. Petitioner filed a petition for review before the Idaho Supreme Court. The petition was denied and a remittitur was issued on October 17, 2003. (*See* State's Lodgings B-1 through B-9.)

In the midst of the direct appeal, Petitioner filed a post-conviction action, which was also unsuccessful. The Idaho Supreme Court denied Petitioner's petition for review on appeal of that case and issued its remittitur on December 23, 2005. (*See* State's Lodgings C-1 through D-9.)

He filed nothing further until 2007, when he filed a Rule 35 action challenging his sentence. (State's Lodging G-1, pp. 839-41.) In 2010, he filed a successive post-conviction action. That action was completed on April 7, 2012. (*See* State's Lodgings E-1 through F-12.)

Over one decade later, on March 4, 2016, Petitioner filed a Rule 35 motion to correct his sentence, after he became aware that the Idaho Supreme Court had issued a decision that pretrial detainees who are convicted and sentenced to consecutive terms on different criminal counts must be given prejudgment incarceration credit on each of their sentences. *See State v. Owens*, 343 P.3d 30 (Idaho 2015). (State's Lodging G-1, pp. 842-45.) *Owens* overruled prior precedent that was in place at the time of Petitioner's convictions, *State v. Hoch*, 630 P.2d 143 (1981). *Owens* also held that the new rule would *not* be applied retroactively. 343 P.3d at 35.

On January 27, 2017, the Idaho Court of Appeals affirmed denial of the Rule 35 motion on appeal. The Court held that the anti-retroactivity holding of *Owens* excluded Petitioner's case from application of the new rule. *See State v. Rios-Lopez*, Case No. 44212, Op. 337 (Idaho Ct. App. Jan. 27. 2017 (unpublished). Petitioner's petition for review before the Idaho Supreme Court was denied. (*See* State's Lodgings H-1 to H-9.)

3.  **Discussion**

All claims in the Petition arise from the state court's decision to refrain from retroactively applying the *Owens* rule in Petitioner's case, which would provide him with an additional sentence credit on *all* of his consecutive sentences for his prejudgment incarceration. These claims were brought before the Idaho courts between 2013 and 2017, more than a decade after his criminal judgment was final.

The Court concludes that Petitioner's federal Petition was filed beyond the one-year federal statute of limitations period. 28 U.S.C. § 2244(d). There are several provisions of the federal habeas corpus statute that permit a statute of limitations to start on a date later than one year after finality of the direct appeal, such as when the United States Supreme Court newly recognizes a constitutional right and makes its decision retroactive on collateral review. *See* §2244(d)(1)(C). However, Petitioner's prejudgment incarceration credit claim based on the *Idaho Supreme Court*'s interpretation of a state statute and its decision *not* to retroactively apply that decision does not implicate this exception.

The Court agrees with Respondent's statute of limitations analysis. Petitioner's judgment became final on January 15, 2004, ninety days after Petitioner's petition for

**MEMORANDUM DECISION AND ORDER - 9**

review was denied by the Idaho Supreme Court (October 17, 2003). (*See* State's Lodging B-8.) However, before that period ended, Petitioner had already filed a state post-conviction action. (*See* State's Lodging C-1.) Therefore, the federal statute of limitations was tolled through the post-conviction action and appeal until the Idaho Supreme Court denied Petitioner's petition for review and issued its remittitur on December 23, 2005. (*See* State's Lodgings D-8, D-9.)

Because the federal statute of limitations ran for more than one year after December 23, 2005, without any state court action to toll it, it expired one year later. Petitioner's federal petition was filed on December 12, 2017 (mailbox rule date), more than ten years too late. (Dkt. 3.)

None of Petitioner's filings after the federal statute of limitations expired tolled or resurrected it. In 2007, Petitioner filed a motion for credit for time served, and in 2010, he filed a successive post-conviction petition that was unsuccessful. In 2015, the Idaho Supreme Court issued the *Owens* decision. In 2016, Petitioner filed a motion to correct an illegal sentence based on *Owens*. On appeal, the Idaho Supreme Court rejected Petitioner's argument. The opinion rejecting Petitioner's claims was issued on November 29, 2017, and the remittitur was issued on December 21, 2017.

4.    **Conclusion**

Based on the foregoing, the Court concludes that Petitioner's Petition for Writ of Habeas Corpus is untimely. Therefore, Respondent's Motion for Summary Dismissal will be conditionally granted. Petitioner will be given 60 days in which to file a response to

this Order showing that (1) his federal Petition was timely; or (2) that he is entitled to equitable tolling based on detailed factual allegations set forth in an attached affidavit and any exhibits; or (3) that he is actually innocent, based on detailed factual allegations set forth in an attached affidavit and any exhibits, excusing his untimeliness.

The Court does not reach Respondent's non-cognizability arguments as a result of concluding that the Petition is not timely. Petitioner need not address these arguments in his response.

## ORDER

1. Petitioner's Motion for Appointment of Counsel (Dkt. 11) is DENIED.

2. Respondent's Motion for Extension of Time to File Answer or Pre-Answer Motion (Dkt. 15) is GRANTED.

3. Respondent's Motion for Summary Dismissal (Dkt. 18) is CONDITIONALLY GRANTED on statute of limitations grounds.

4. Petitioner shall have **60 days** after entry of this Order in which to file a response to this Order showing that (1) his federal Petition was timely; or (2) that he is entitled to equitable tolling based on detailed factual allegations set forth in an attached affidavit and any exhibits; or (3) that he is actually innocent, based on detailed factual allegations set forth in an attached affidavit and any exhibits, excusing his untimeliness.

5. Petitioner's last mailing from the Clerk of Court was returned as non-deliverable. It appears from the IDOC website that Petitioner has been moved between

facilities in Texas. Therefore, the Clerk of Court shall send Petitioner's copy of the Order to Mr. Rios-Lopez at the address shown on the IDOC website:

> Eagle Pass Correctional Facility
> P.O. Box 849
> 4010 South Bibb Ave.
> Eagle Pass, TX 78853.

6. If this is not Petitioner's correct address, he shall file a notice of change of address with his response.

DATED: February 25, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge